IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAMERON DAVID GLADD and SHELBY GLADD, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-16-894-D |
| LANDMARK LOGISTICS, INC., a foreign corporation, and SATNAM SINGH, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendant Satnam Singh's Motion to Stay Action During Conservation Proceedings [Doc. No. 5]. Defendant Singh asks the Court to exercise its inherent discretion to grant a stay of this case pending the resolution of a California conservatorship proceeding regarding CastlePoint National Insurance Company ("CastlePoint"). This insurer, although not a party, is allegedly obligated by an insurance policy issued to Defendant Landmark Logistics, Inc. ("Landmark") to provide a defense of this action. *See Jones v. CastlePoint Nat'l Ins. Co.*, Case No. CPF-16-515183 (Cal. Super. Ct.).[1] Defendant Singh also relies on *Grimes v. Crown Life Ins. Co.*, 857 F.2d 699, 704 (10th Cir. 1988), which addressed appropriate circumstances for applying the federal abstention

---

[1] Plaintiffs' case was filed in state court and removed by Defendant Singh, who stated that Landmark had not been served. When the Motion was filed, Landmark had not appeared or responded to Plaintiffs' pleading, and no proof of service had been made. On October 11, 2016, Landmark answered the petition but remained silent regarding a stay. Landmark has not moved for a stay or joined the Motion.

doctrine recognized in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), to prevent interference with a state insurance receivership matter.

Plaintiffs have timely opposed the Motion on the grounds that CastlePoint is not a party to this action, an injunction issued by the California court does not impact this case, and neither a discretionary stay of their negligence action against Defendants nor abstention is warranted. Plaintiffs argue, and the Court agrees, that appropriate circumstances warranting *Burford* abstention are not present in this case. *See Grimes*, 857 F.2d at 703-04 (abstention avoids disruption of a complex state regulatory scheme for liquidating insolvent insurers).[2] Notably, *Burford* abstention would require remand or dismissal of the action, and not merely a stay. *See id*. at 707 & n.11 (abstention results in remand of removed case); *Burford*, 319 U.S. at 334 (affirming dismissal due to abstention).

---

[2] In *Grimes*, the Tenth Circuit determined *Burford* abstention was appropriate in a dispute regarding a reinsurance contract, which arose in a state insurance liquidation proceeding, based on four factors:

> (1) whether the suit is based on a cause of action which is exclusively federal; (2) whether the suit requires the court to determine issues which are directly relevant to the liquidation proceeding or state policy in the regulation of the insurance industry; (3) whether state procedures indicate a desire to create special state forums to regulate and adjudicate these issues; and, (4) whether difficult or unusual state laws are at issue . . . .

*Id*. at 704-05 (citations omitted). The issues in *Grimes* involved the interpretation of state statutes, including one "inseparably related" to the liquidation proceeding, and the effect of a prior decision of the insurance commissioner, involving a "fundamental and important question of state law and policy." *Id*. at 705-06. Consistent with *Grimes*, the Supreme Court later narrowed *Burford* abstention to protect a complex state regulatory scheme from federal interference "(1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989).

Defendant Singh has filed a reply brief that provides additional information regarding developments in the CastlePoint conservatorship case in California.[3] Defendant Singh also argues that permitting this case to proceed 1) will affect the assets of CastlePoint, which owes him a defense and may lack sufficient funds to pay for it, 2) will disrupt the orderly and efficient payment of claims against CastlePoint in the conservatorship proceeding, and 3) would be an inefficient use of judicial and litigants' resources. He contends the Oklahoma Property and Casualty Insurance Guaranty Association may become involved with his and Landmark's claims against CastlePoint, and a stay of litigation under Okla. Stat. tit. 36, § 2020 may occur.

The parties agree that a federal district court has discretionary authority to stay a proceeding pending before it. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (describing principle as "well settled"). The utilization of this power "calls for the exercise

---

[3] On September 13, 2016, the presiding judge approved a conservation plan and related agreements, and authorized California's insurance commissioner, as conservator, to cancel CastlePoint's existing stock and reissue new stock, to create a trust to hold the new stock and other assets of CastlePoint, to administer the trust and distribute assets according to the priorities of California law, and to use CastlePoint's assets to satisfy liabilities. *See* Def.'s Reply Br., Ex. 1 [Doc. No. 8-1], ¶ 11. Persons with claims against CastlePoint have recourse only against CastlePoint's assets according to statutory priorities, under which claims of policyholders and the California Insurance Guarantee Association (or similar associations in other states) are second only to expenses of administration. *See id.* ¶ 22; *see also* Cal. Ins. Code, § 1033. No order of liquidation has been issued, but the conservator may apply for one if deemed advisable. *See* Def.'s Reply Br., Ex. 1 [Doc. No. 8-1], ¶ 19.

of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. A party seeking to stay litigation until a separate controversy is concluded "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Landis*, 299 U.S. at 255; *see Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others"). The court of appeals has provided guidance regarding appropriate factors for consideration where a stay is sought due to the pendency of another judicial proceeding:

> In assessing the propriety of a stay, a district court should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake.

*United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).

Considering these factors here, the Court finds no basis to determine whether Defendants' insurance claims against CastlePoint are likely to be satisfied in the California convervatorship or any ancillary proceeding. Defendant Singh does not assert or attempt to show any irreparable harm that he will suffer if Plaintiffs' negligence case is allowed to proceed. Defendant Singh's reasons for staying the case relate solely to who is responsible for paying the cost to defend the case and, if Plaintiffs prevail, for satisfying an award of

4

damages. However, CastlePoint has already retained counsel to represent Defendants in this action (*see* Def. Landmark's Mot. to Answer Out of Time [Doc. No. 9], ¶ 4), and counsel must continue to do so unless authorized by the Court to withdraw from the representation. *See* LCvR83.5. Thus, Defendant has not shown any specific injury to his defense of the case.

On the other hand, a stay would cause substantial harm to Plaintiffs, whose personal injury claims against Defendants would go unanswered while CastlePoint's conservator receives and processes insureds' claims. Plaintiffs are entitled to "the just, speedy, and inexpensive determination" of their action. *See* Fed. R. Civ. P. 1. To the extent a public interest is implicated, the Court finds that the public interest is best served by permitting Plaintiffs' action to proceed in an orderly fashion. Landmark, Defendant Singh's employer, was the one who selected the insurer for its business, and it is not Plaintiffs' fault that Defendants' insurer has become financially unstable or insolvent. It would be fundamentally unfair to allow Defendants' choice of insurers to prevent Plaintiffs' timely pursuit of their claims, for reasons having nothing to do with the merit of the claims.

For these reasons, the Court finds that Defendant Singh has failed to justify a stay of the case at this juncture. Should it later appear, as argued in his Reply Brief, that a stay of litigation by operation of the Oklahoma Insurance Code (or some other basis) should come into play,[4] then Defendant Singh may renew his request, as appropriate, based on a change of circumstances.

---

[4] The stay mandated by Okla. Stat. tit. 36, § 2020, applies only "when insolvency [of an insurer] is determined or an ancillary proceeding is instituted in this state."

IT IS THEREFORE ORDERED that Defendant Satnam Singh's Motion to Stay Action During Conservation Proceedings [Doc. No. 5] is DENIED, without prejudice to a subsequent motion if appropriate.

IT IS SO ORDERED this 28th day of October, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE